In the Matter of the Claim of Rocco DiFilippo, Appellant, v Con Edison et al., Respondents. Workers' Compensation Board, Respondent. [986 NYS2d 697]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed November 2, 2012, which, among other things, denied claimant's request for a change of venue.

Claimant resides in New York City, and successfully applied for workers' compensation benefits after he was injured while working for the employer in the Bronx. He thereafter requested, upon a form provided by his attorney, a change of venue from the district office in Manhattan to one in the City of White Plains, Westchester County. A Workers' Compensation Law Judge rejected the request, prompting claimant to seek review from the Workers' Compensation Board. The Board affirmed, pointing out that its rules generally require that hearings be conducted in the district where the claimant resides and, here, a "sufficient justification" to warrant a change in venue was not provided. Specifically, the Board rejected claimant's contention that it would be easier and less expensive for him to attend hearings in White Plains as speculative and unsupported by any evidence. The Board also assessed a $250 penalty against claimant's attorney pursuant to Workers' Compensation Law § 114-a (3) (ii) for seeking review without reasonable grounds. Claimant now appeals, and we affirm.

As we recently noted, the Chair of the Board "has controlling

authority to designate hearing places" (*Matter of Toledo v Administration for Children Servs.*, 112 AD3d 1209, 1210 [2013]), and did so here. Claimant made no effort to justify the change of venue beyond making unsupported assertions in a brief letter, and the Board noted that claimant's attorney had previously been made aware of the requirement that justification be provided for a request to change venue under these circumstances. As such, substantial evidence supports the Board's determination that claimant had not demonstrated the need for a change of venue, and we decline to disturb its imposition of a penalty pursuant to Workers' Compensation Law § 114-a (3) (ii) (*see id.*; *Matter of Wolfe v New York City Dept. of Corr.*, 112 AD3d 1197, 1198 [2013]).

Lahtinen, McCarthy, Garry and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.